**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EVELYN PEÑA,

                Plaintiff,                  **REPORT AND**
                                                      **RECOMMENDATION**

   - against -

                                                    CV 08-3304 (NGG) (JO)

**MICHAEL J. ASTRUE,**

                Defendant.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On October 22, 2010, this court vacated the administrative denial of a claim for Social Security disability insurance benefits and supplemental security income filed by plaintiff Evelyn Peña ("Peña"), and remanded the matter for further development of the evidence. *Peña v. Comm'r of Soc. Sec.*, 2010 WL 4340449 (E.D.N.Y. Oct. 22, 2010). Peña now seeks an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Entry ("DE") 28 (Motion). By order dated January 19, 2011, the Honorable Nicholas G. Garaufis, United States District Judge, referred the matter to me for a report and recommendation. I now make my report and, for the reasons set forth below, respectfully recommend that the court award Peña $4,804.48 in attorneys' fees, and deny her request for costs.

I.      Background

On August 7, 2008, Peña, appearing *pro se*, filed this action seeking review pursuant to 42 U.S.C. §§ 405(g) and 1383(c) of the Social Security Administration's denial of her claim for Social Security disability insurance benefits and supplemental security income. *See* DE 1 (Complaint). Defendant Michael J. Astrue, the Commissioner of Social Security ("Commissioner") moved for judgment on the pleadings on August 5, 2009. DE 18; DE 19. On

January 1, 2010, while the latter motion was still pending, attorney Charles E. Binder entered a notice of appearance as Peña's counsel. On March 5, 2010, Peña responded with a cross-motion for judgment on the pleadings. *See* DE 13 (Motion for Extension); DE 15 (Order granting extension); DE 24 (Motion for Judgment on the Pleadings).

On October 22, 2010, Judge Garaufis vacated the Commissioner's determination that Peña was not entitled to benefits and remanded the case for further development of the evidence. *Peña*, 2010 WL 4340449, at *7. Specifically, Judge Garaufis directed that on remand, the Administrative Law Judge ("ALJ") should weigh the opinion of Peña's treating physician Dr. Fernandez in light of his specialty in psychiatry and the length, nature, and extent of the relationship between Peña and Dr. Fernandez; weigh a number of additional factors to assess Peña's credibility with respect to the severity of her symptoms; and reassess whether Peña is capable of performing her previous job should the ALJ find that she possesses residual functional capacity for skilled work. *Id.* at *5-6. Having succeeded in vacating the Commissioner's determination and securing a remand, Peña filed the instant motion for attorneys' fees under the EAJA on January 19, 2011.

II.  Discussion

   A.  The Equal Access to Justice Act

The EAJA provides that "a court shall award to a prevailing party other than the United States … fees and other expenses … incurred by that party in any civil action …, including proceedings for judicial review of agency action, brought by or against the United States …, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme

Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, the Commissioner must demonstrate that his position had a "reasonable basis both in law and fact." *Pierce*, 487 U.S. at 563 (internal quotation marks omitted).

The Commissioner's position includes both the government's position in the civil action before the court and also "the action or failure to act by the agency upon which the civil action is based[.]" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting 28 U.S.C. § 2412(d)(2)(D); citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159 (1990); *Sotelo-Aquije v. Slattery*, 62 F.3d 54, 57 (2d Cir. 1995)). Either "the Government's pre[-]litigation conduct or its litigation position could be sufficiently unreasonable by itself to render the entire Government position not substantially justified[.]" *Healey*, 485 F.3d at 67 (internal citations and quotation marks omitted). "[O]nly one threshold determination for the entire civil action is to be made." *Senville v. Madison*, 331 F. App'x 848, 850 (2d Cir. 2009) (quoting *Comm'r, I.N.S*, 496 U.S. at 159).

B. <u>The Commissioner's Position Was Not Substantially Justified</u>

The Commissioner does not dispute that Peña was a prevailing party; nor has he argued that Peña's fee application is untimely under the statute, or that some special circumstances in this case make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A), (B). The question before the court is thus simply whether the government has met its burden of proving that its position – both at the administrative level and in this court – was substantially justified.

The court vacated the Commissioner's decision based on two principal deficiencies in the ALJ's findings. First, the ALJ's analysis did not conform to the treating physician rule: it did not consider the length, nature, and extent of the relationship between Peña and her treating

3

physician, and it did not afford additional weight to that physician's opinion, or provide good reasons for failing to do so, as required. *Peña*, 2010 WL 4340449, at *5 (citing 20 C.F.R. §§ 1527(d)(2)(i)-(ii)); *see also id.* at *4 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *Kennedy v. Astrue*, 343 F. App'x 719, 722 (2d Cir. 2009)). Given the clarity of case law in this circuit on the need to conform to the treating physician rule, I conclude that there is no justification for the ALJ's failure to so in this case.

Second, the ALJ also omitted key factors in her analysis of Peña's credibility. *Id.* at *6. As the court noted, if an ALJ finds that "the claimant's testimony is not consistent with the medical evidence[,]" she must weigh the credibility of the claimant's testimony regarding the severity of the symptoms in light of seven factors:

> (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain.

*Id.* at *5-6 (citing *Meadors v. Astrue*, 370 F. App'x 179, 184 n.1 (2d Cir. 2010); 20 C.F.R. § 404.1529(c)(3)). In Peña's case, it appears that the ALJ considered only the first three factors, but entirely failed to consider "Peña's credibility in light of her medication regime or other non-pharmaceutical treatments, or any other factors Peña addressed during her testimony concerning the severity of her condition." *Id.* at *6 (citing 20 C.F.R. § 404.15289(c)(3)(iv)-(vii)). The court found that omission to be legal error. *Id.* (citing *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010)). Here again, I see no justification for the ALJ's apparent failure to consider the mandated factors. *See*, *e.g.*, *Ericksson*, 557 F.3d at 82-84 (position not substantially justified when ALJ failed to consider medical information submitted by the claimant); *Sergenton v. Astrue*, 714 F. Supp. 2d 412, 417 (E.D.N.Y. 2010) (position not substantially justified when ALJ refused to

4

consider the medical opinion that served as the basis for the remand); *Lee v. Astrue*, 2011 WL 781108, *2-3 (D. Conn. Feb. 28, 2011) (position not substantially justified when the ALJ failed to evaluate all of plaintiff's impairments and assessed the plaintiff's credibility without reviewing the entire record).

In opposing Peña's fee application, the Commissioner does not seek to justify the ALJ's errors, but instead asserts that he took a reasonable position in the litigation in this court. Assuming that to be true, however, does not defeat the motion: even if the Commissioner took a reasonable position in this court, he did not do so in the agency proceedings. As a result, his overall position was not substantially justified, and Peña is therefore entitled to recover attorneys' fees and costs for her efforts in this litigation.

C. Award

The EAJA provides that the "fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The application must provide "an itemized statement … [including] the actual time expended and the rate at which fees and other expenses were computed." *Id.* at § 2412(d)(1)(B). Peña seeks attorneys' fees at an hourly rate of $170.07 for a combined total of 28.25 hours of work by two attorneys.[1] The Commissioner does not dispute either part of the request, and I find it to be reasonable.

Peña also seeks to recover $350.00 in costs, based on the standard filing fee for civil actions. *See* DE 28-1 (Proposed Order) (seeking fees and $350 in costs); DE 28-3 (Billing

---

[1] Pena cites increases in the cost of living to justify an hourly rate over $125.

Invoice) (seeking fees and $350 in costs). *But see* DE 28-4 (Memorandum of Law) (seeking only fees). However, Peña did not actually pay that amount; the court granted her application to proceed *in forma pauperis*, DE 3, and there is no indication on the docket that Peña ever paid a filing fee. I therefore respectfully recommend that the court decline to award costs in the amount of $350.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court award plaintiff Evelyn Peña $4,804.48 in attorneys' fees, and deny her request for costs.

IV.    Objections

Any objections to this Report and Recommendation must be filed no later than July 11, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
       June 22, 2011

                                                    /s/ James Orenstein
                                                    JAMES ORENSTEIN
                                                    U.S. Magistrate Judge